**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **AVANTAY DORSEY, M32087,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 26-cv-942-DWD** |
| **SARAH BURDICK,** | ) | |
| **B. WALLA,** | ) | |
| **GREGORY LITTLE,** | ) | |
| **JOHN M. BARWICK, III,** | ) | |
| **STATE OF ILLINOIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Avantay Dorsey, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pontiac Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights related to disciplinary proceedings at Pinckneyville Correctional Center. Specifically, Plaintiff alleges in his second amended complaint (Doc. 14) that Defendants Burdick and Walla should not have given him sexual misconduct disciplinary tickets, and Barwick and Little signed off on the discipline. While the Second Amended Complaint is awaiting review, Plaintiff has also now filed a Motion for a Temporary Restraining Order and Injunctive Relief seeking his immediate release, a temporary restraining order against the defendants, and monetary compensation for the time he has spent in segregation. (Doc. 15). For reasons explained in this Order, the motion will be denied.

In the original complaints, Plaintiff challenged the process he was afforded in the two disciplinary proceedings in July of 2024. (Docs. 1, 9). United States Magistrate Judge Reona Daly dismissed the complaint as insufficient to state a claim, noting that it was unclear if Plaintiff lost good time credit, and indicating more information was needed about his disciplinary proceedings before any claim could proceed. (Doc. 11). In Plaintiff's Second Amended Complaint, he indicates he lost "GCC" or "SGT" time for each ticket, and he also indicates he received a notice indicating that he lost a month of credit. He again challenges the validity of the disciplinary tickets, claiming that his due process rights were violated and the tickets amounted to cruel and unusual punishment because neither Burdick nor Walla directly observed him engaged in sexual misconduct. He faults Defendants Barwick and Little for signing off on the discipline.

In the Motion for a Temporary Restraining Order, Plaintiff argues that he is still in segregation and is currently without his HIV medication, something that he claims is life threatening. Plaintiff also argues that he should not currently be housed at Pontiac Correctional Center. He attributes his placement at Pontiac to Burdick and Walla's writing of disciplinary tickets against him. He goes on to allege he has now been in segregation since July of 2024. He claims he never should have been disciplined because he was engaged in private masturbation allowed by IDOC rules. Additionally, Plaintiff expresses a desire to challenge truth in sentencing, seemingly arguing that his prolonged placement in segregation somehow violates truth in sentencing. He argues that he is untrained in the law so his requests for relief should be interpreted liberally. He also complains that segregation at Pontiac does not have mirrors and he has not been afforded

a prison tablet, which keeps him from visiting with family. Finally, Plaintiff asks the Court to ensure "all codes, statutes, act (law) being challenged and declared unconstitutional be read in harmony with the common law." (Doc. 15 at 8). Plaintiff demands a prisoner release order, a "temporary restraining order against all respondents" and money damages from all respondents. As a fallback, he asks to leave the state immediately if he is not granted release. (Doc. 15 at 10). In support of the motion, Plaintiff submits excerpts of prison rules and his disciplinary tickets.

## Analysis

To seek a temporary restraining order, an inmate must demonstrate via specific facts that he will suffer an irreparable injury, loss, or damage before the adverse party can be heard. Fed. R. Civ. P. 65(b)(1)(A). A temporary restraining order generally only lasts for 14 days. Fed. R. Civ. P. 65(b)(2). Here, Plaintiff generically demands a temporary restraining order against Defendants Burdick, Walla, Barwick, and Little, but he does not make it obvious what these four have done since the disciplinary issues he describes in the complaint, which transpired in July of 2024, more than two years ago. Though he describes dissatisfaction with his current living situation at Pontiac, Plaintiff does not clearly explain how his current situation is attributable to the defendants or the discipline he received more than two years ago at an entirely different prison. As such, Plaintiff has not provided sufficient specific facts to warrant the issuance of a temporary restraining order concerning Defendants Burdick, Walla, Barwick, or Little. It is not even clear given that these four work at Pinckneyville, and Plaintiff is now at Pontiac, what immediate

relief granted against these four could do to change Plaintiff's living situation. Thus, no temporary relief will be granted under Federal Rule of Civil Procedure 65(b).

Interpreting the motion (Doc. 15) broadly, the Court will also consider if Plaintiff has alleged anything warranting preliminary injunctive relief. To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief. *See* *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). As for the first requirement, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief. Irreparable harm is harm which cannot be repaired. *Graham v. Med. Mut. Of Ohio*, 130 F.3d 293, 296 (7th Cir. 1998) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it."). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *Mays*, 974 F.3d at 818. If

injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Injunctive relief must be related to issues in the underlying lawsuit. *See e.g.*, *Tatum v. Hunter,* Case No. 22-2411 (S.D. Ill. 2023) (Doc. 16) (denying injunctive relief, including a request for a transfer, where the injunctive relief sought was not narrowly tailored and did not align with the claims in the case) *aff'd in Tatum v. Hunter*, Case No. 23-2253 (7th Cir. May 16, 2024); *Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019).

Most significant to the consideration of the present Motion is the relationship between the demand for injunctive relief and the underlying claims and parties in this case. The operative claims concern discrete events that occurred in 2024 when Plaintiff first received discipline at Pinckneyville. Per Plaintiff's second amended complaint, the two disciplinary tickets received in 2024 led to a total of just seven months in segregation. (Doc. 14 at 1). Yet now, two years and three months later and at a different prison than where the discipline issued, he is still in segregation. It is in no way obvious that Defendants Burdick, Walla, Barwick, or Little have any role in his ongoing stint of segregation time. Additionally, given that these four work at Pinckneyville, and Plaintiff is housed at Pontiac, it is not apparent that they have any control over his ongoing placement in segregation. Prison transfers typically moot claims against employees at a prior prison. *See e.g.*, *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Given the apparent disconnect between the named defendants and Plaintiff's current housing

placement, as well as his transfer to a different prison, the Court finds that it would be inappropriate to grant any preliminary injunctive relief.

Furthermore, the injunctive relief that Plaintiff demands is his release from prison, but that is not a form of relief available under § 1983. Release from prison is something that may only be pursued in a properly filed criminal appeal, a post-conviction challenge, or an appropriate habeas action. To the extent that Plaintiff mentions new issues about his conditions of confinement at Pontiac such as the lack of his HIV medication, the lack of mirrors, and the lack of tablets or family access, he does not attribute these problems to the named defendants and they are not mentioned in the second amended complaint, so this sort of relief would not be appropriate. For all of the foregoing reasons, Plaintiff's Motion (Doc. 15) will be denied.

## Disposition

Plaintiff's Motion for a Temporary Restraining Order or Injunction Relief is **DENIED** for the reasons explained in this Order.

**IT IS SO ORDERED.**

Dated: November 3, 2026

DAVID W. DUGAN
United States District Judge